O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATRINA BARNES, | Case No. EDCV 10-1118 RNB |
| Plaintiff, | |
| vs. | ORDER AFFIRMING DECISION OF COMMISSIONER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

**A.   Reversal is not warranted based on the ALJ's alleged failure to properly consider Dr. Leonard's opinion.**

The Court disagrees with plaintiff that "the ALJ failed to state whether he accepted or rejected Dr. Leonard's opinion." In stating that he concurred in "the assessment of Dr. Glassmire that the treatment record is inconsistent with the findings of the treating physician at Exhibit 24F that indicated that the claimant would have serious difficulty performing even simple tasks and that the claimant could not perform any work on a sustained full time basis because of her mental impairments" (see AR 12), it is clear that the ALJ was rejecting the opinion of Dr. Leonard reflected on the two-page Work Capacity Evaluation (Mental) form dated May 13, 2009. (See AR 484-85.) It also is clear from the ALJ's statement why he was rejecting Dr. Leonard's opinion.

The law is well established in this Circuit that the Commissioner need not accept a treating physician's opinion that is brief, conclusory, and inadequately supported by clinical findings. See, e.g., Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions).

Here, the Work Capacity Evaluation (Mental) form dated May 13, 2009 was a check-off form that did not contain any explanation of the bases for Dr. Leonard's conclusions. Moreover, the Court's review of the 2008 and 2009 progress/treatment notes of Dr. Leonard that pre-dated Dr. Leonard's May 13, 2009 opinion substantiates the assessment of Dr. Glassmire that the ALJ adopted. Those progress/treatment notes evidence mental status examinations by Dr. Leonard (including one on the same date that Dr. Leonard filled out her evaluation form) at which Dr. Leonard consistently found that plaintiff's appearance, moods, affect, attention/concentration,

| 1  | and speech were "appropriate," and that plaintiff's medications were effective. (See
| 2  | AR 482 (5/1/08), AR 481 (5/21/08), AR 480 (6/24/08), 479 (7/23/08), 474 (9/4/08),
| 3  | 472 (9/18/08), 471 (10/2/08), 469 (10/21/08), 465 (1/7/09), 463 (2/11/09), 506
| 4  | (3/24/09), 502 (4/9/09), 496 (5/13/09).)

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider Dr. Leonard's opinion.

**B.  Reversal is not warranted based on the ALJ's alleged failure to properly consider the lay witness statements of plaintiff's sister.**

For the reasons stated by the Commissioner (see Jt Stip at 32-33), the Court finds and concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider the lay witness statements of plaintiff's sister, as reflected on the Function Report form dated March 18, 2008 (see AR 150-57).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: May 2, 2011

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE